JOSEPH D. EVANS, Respondent, *v.* GUARANTY TRUST COMPANY OF NEW YORK, Appellant.

Second Department, March 21, 1919.

Interpleader — right to, under Code of Civil Procedure, section 820, and Banking Law, section 199.

A trust company, which agreed to hold in trust and pay out in certain proportions money deposited under a joint adventure, upon being sued by one of the parties to recover an alleged balance due him, is entitled under section 820 of the Code of Civil Procedure and section 199 of the

---

* Laws of 1881, chap. 532, amdg. former Code Civ. Proc. § 1041.— [REP.

Banking Law to an order interpleading the other parties to the adventure, where it appears that the plaintiff has broken the original agreement under which the money was deposited with the defendant, and that a suit is pending against him by the other parties to the joint adventure for an accounting.

APPEAL by the defendant, Guaranty Trust Company of New York, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 6th day of February, 1919, denying its motion for an order interpleading the Evans Engineering Corporation, Thomas H. Gillespie and Thomas A. Gillespie as parties defendant.

The plaintiff in August, 1917, obtained an ammunition contract from the United States government. In order to obtain the money required to perform the contract he entered into a written agreement with Thomas H. and Thomas A. Gillespie and the appellant trust company, dated November 16, 1917, in which it is stated that a corporation has been formed to carry out the contract, known as the Evans Engineering Corporation, the stock of which is owned, three-quarters by the Gillespies and one-quarter by the plaintiff. The trust company agrees to advance $400,000 to the corporation upon its note indorsed by the Gillespies. All money received by Evans under his contract with the government is to be immediately turned over by him to the trust company, " said sum so deposited to be held in trust, however, by said Trust Company," which agrees to pay at once seventy-four per cent thereof to the Evans Engineering Corporation, the balance of twenty-six per cent to be held by the trust company as security for the repayment to it of the loan. When the loan is paid, the twenty-six per cent retained is to be paid, seventy-five per cent thereof to the Gillespies and twenty-five per cent to Evans. " The Trust Company agrees to accept said deposits in trust upon the terms and conditions hereinabove set forth and to make payments from said fund as hereinabove provided." This agreement was modified by a supplemental agreement reciting that Evans and the Evans Engineering Corporation had obtained an advance from the United States government of $500,000 to carry out the ammunition contract, and it was agreed that

the entire amount turned over by Evans to the trust company, under the agreement of November, 1917, should be returned to the Evans Engineering Corporation until such time as the government advance should be repaid, in which case the original arrangement should be reinstated. It appears that by July 31, 1918, the government advance as well as the loan made by the trust company had been fully repaid. The plaintiff brings this action against the trust company alleging that after July 31, 1918, he was paid $39,409.63 on account of his twenty-five per cent interest in the twenty-six per cent of the receipts from the contract retained by the trust company, and that there is a balance " of said deposits " due him amounting to $33,769.02, for which he demands judgment with interest. The trust company, admitting that it has on deposit this sum, alleges that the Gillespies and the Evans Engineering Corporation make claim to it or to part of it, and the defendant applied for an order interpleading these claimants as parties defendant, asking that it be allowed to pay the money into court and that upon such payment it should be struck out as a party defendant. The claimants joined with defendant in the application. The moving papers state at length the basis of the alleged claims to the fund made by the Gillespies and the corporation. The claimants aver that the arrangement between them and the plaintiff was a joint venture, subsequently extended so as to include profits coming from the Atlantic Loading Company, another contract in which Evans was interested, and that the parties agreed that these additional profits were to be paid to the Evans Engineering Corporation for account of those interested in the joint venture. It appears that on January 16, 1919, nine days after the commencement of this present action, Gillespie began an action against Evans, the Evans Engineering Corporation, the Atlantic Loading Company and the defendant trust company for an accounting, alleging *inter alia* that Evans " has not paid to the defendant Guaranty Trust Company all of the moneys paid to him by the United States Government under his said contract of August 16, 1917, but has retained to his own use a large portion thereof, and has refused to pay the same to defendant Guaranty Trust Company."

The defendant's application for interpleader was denied at Special Term.

*J. Howland Auchincloss*, for the appellant.

*Hugh M. Hewson* [*Frederic N. Watriss* with him on the brief], for the respondent.

PER CURIAM:

The learned justice at Special Term says in his opinion that the Gillespie claim against Evans grows out of a transaction with which the defendant trust company had no connection, and that any claim which they may have against Evans growing out of a direct transaction, which does not include an assignment of the fund in the hands of the trust company must be sued for in a separate action. We think the learned judge was misled so that he overlooked the fact that the Gillespies assert, whether rightly or wrongly is of no moment, that Evans has broken the original agreement under which the deposits were made, by failing to " deposit with the Trust Company all payments received by him from the United States Government." In Gillespie's action against Evans and the trust company he demands an accounting with respect to all matters embraced in the joint venture, including any sums that may be deposited to the credit of said joint venture in the Guaranty Trust Company, and expressly demands that Evans account for all moneys received by him " under his said contract with the United States Government dated August 16, 1917." Whether interpleader would be proper on the sole ground that Evans had breached the joint venture agreement by failing to turn over the stock and profits of the Atlantic Loading Company enterprise, it is not necessary to determine. There is a direct charge that he has retained to his own use a large portion of the moneys received by him from the government under the original contract of August 16, 1917, and if this is true, he may have no right or interest in the twenty-four per centum of profits retained by the trust company for the benefit of Gillespie and himself.

It would seem, therefore, that the trust company is not bound to take the risk of the dispute between these joint venturers. The trust company has no interest in the matter other than to pay the money to the person lawfully entitled to it. The case seems to come within the express provisions of section 820 of the Code of Civil Procedure. The defendant offers proof that the Gillespies and the Evans Corporation make a demand upon it for the same debt sued for by the plaintiff. Section 199 of the Banking Law (Consol. Laws, chap. 2; Laws of 1914, chap. 369) provides (Subd. 1): " In all actions against any trust company to recover for moneys on deposit therewith, if there be any person or persons, not parties to the action, who claim the same fund, the court in which the action is pending, may, on the petition of such trust company, and upon eight days' notice to the plaintiff and such claimants, and without proof as to the merits of the claim, make an order amending the proceedings in the action by making such claimants parties defendant thereto; and the court shall thereupon proceed to determine the rights and interests of the several parties to the action in and to such funds. The remedy provided in this section shall be in addition to and not exclusive of that provided in section eight hundred and twenty of the Code of Civil Procedure." It is provided, in subdivision 2, that the deposit in controversy may be paid into court, in which case the trust company shall be struck out as a party to the action and its liability for such deposit shall cease. We think the record presents a case for interpleader under the Banking Law as well as under section 820 of the Code.

The order should be reversed, with ten dollars costs and disbursements, and the motion for interpleader granted, with ten dollars costs.

MILLS, RICH, PUTNAM and KELLY, JJ., concurred; JENKS, P. J., not voting.

Order reversed, with ten dollars costs and disbursements, and motion for interpleader granted, with ten dollars costs. Order to be settled on notice.